```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MIKOS MILLER,                         :    CIVIL ACTION
                                      :    NO. 19-03125
         Petitioner,                  :
                                      :
    v.                                :
                                      :
MARK GARMAN, et al.,                  :
                                      :
         Respondents.                 :
```

**O R D E R**

**AND NOW**, this **2nd** day of **January, 2020**, upon consideration of the Petition for a Writ of Habeas Corpus, the Commonwealth's Answer, and other documents filed by the parties,[1] and after review of the Report and Recommendation of the United States Magistrate Judge Carol Sandra Moore Wells and Miller's objections thereto, it is hereby **ORDERED** as follows:

1. Miller's objections to the Report and Recommendation (ECF No. 13) are **OVERRULED**;[2]

---

[1] The Court received Miller's "Reply to Answer of the Respondent" (ECF No. 12) on November 19, 2019. However, because Miller's is a pro se inmate, the Reply is deemed "filed" as of November 8, 2019, when he gave the Reply to prison officials for it to be mailed. See Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998). Therefore, the Reply was timely filed in accordance with Judge Wells's order extending time for Miller to file a reply. ECF No. 9. Although Judge Wells filed her Report and Recommendation on November 15, 2019, before receiving Miller's Reply, the Court has reviewed the Reply in consideration of this Order.

[2] Miller's petition asserts two grounds for habeas relief. He argues that, in light of Alleyne v. United States, 570 U.S. 99 (2013), his sentence is unconstitutional as it was contingent on facts not found by the jury. Miller also argues that, for the two petitions filed after his finalized conviction and pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.

2. The Report and Recommendation is **APPROVED and ADOPTED**;

---

Cons. Stat. Ann. §§ 9541-46, his counsels were constitutionally ineffective for failing to challenge the constitutionality of his sentence based on Alleyne.

On November 15, 2019, Judge Wells recommended that the Court dismiss Miller's petition as time-barred. The Court received Miller's objections on December 12, 2019.

Miller raises objections to the Report and Recommendation on two grounds. He argues that the Court should not adopt the Report and Recommendation because it failed to address "[First] the Cause and Prejudice, and [Second] the Fundamental Miscarriage of Justice, exceptions invoked by Petitioner within his Petition and Reply." ECF No. 13 at 1. The Court now finds that the Report and Recommendation correctly concluded Miller's petition is time-barred pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and that his objections lack merit.

First, despite Judge Wells's finding that equitable tolling was not available to him, Miller maintains that a plea of "Cause and Prejudice" is not subject to AEDPA's one-year statute of limitations. In other words, Miller's objection "asserts not an excuse for filing after the statute of limitations has run" but rather that a plea of cause and prejudice "can overcome AEDPA's one-year statute of limitations" regardless of his diligence in pursuing relief. McQuiggin v. Perkins, 569 U.S. 383, 391 (2013). His objection "thus seeks an equitable exception to [§ 2244], not an extension of the time statutorily prescribed." Id. While an equitable exception may be theoretically available for a plea of "actual innocence," Id., in this case, Miller advances no facts in support of such a claim. No equitable exception to AEDPA's statute of limitations is available to Miller.

Regardless, Miller is unable to establish prejudice because Alleyne does not apply to his case. The prejudice prong of cause and prejudice is shown by an error that "worked to [a petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). The Third Circuit has held that "Alleyne cannot be applied retroactively to cases on collateral review." United States v. Winkelman, 746 F.3d 134, 137 (3d Cir. 2014); see also Pennsylvania v. Washington, 142 A.3d 810, 820 (Pa. 2016) ("Alleyne does not apply retroactively to cases pending on collateral review."). The Pennsylvania Superior Court affirmed Miller's judgement of sentence on March 8, 2013. Miller did not appeal, and his conviction became final on April 8, 2013—prior to the Supreme Court's June 17, 2013 decision in Alleyne, 570 U.S. 99 (2013). It was not until May 2, 2014, that Miller first collaterally challenged the finalized judgment of sentence. Because this challenge was on collateral review, Alleyne did not, under Third Circuit precedent, apply retroactively to his case, and thus there was no prejudice from his counsels' failure to raise it.

Finally, as to Miller's second argument that Judge Wells did not consider his claim of a fundamental miscarriage of justice exception, the Court finds this is incorrect. See ECF No. 10 at 5 n.4 ("Petitioner has also failed to advance any new, reliable evidence of his actual innocence to avoid time-bar. See McGuiggin v. Perkins, 569 U.S. 383, 386 (2013)."). Therefore, the second argument has no merit.

For these reasons, Millers objections are overruled.

3. The Petition for a Writ of Habeas Corpus is **DISMISSED**, without an evidentiary hearing; and

4. Miller has not established that reasonable jurists would disagree with this Court's procedural disposition of his claim. Consequently, a certificate of appealability is **DENIED**.

    **AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,    J.*